IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-6035-01-CR-SJ-NKL |
| | ) | |
| TERRY KEITH WENDT, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

Pending before the Court are Terry Keith Wendt's ("Wendt") Motions for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) [Doc. # 65]. Wendt seeks to reduce his sentence in light of an amendment made to the Sentencing Guidelines. He also seeks the appointment of counsel [Doc. # 67]. For the reasons set forth below, the Court denies both motions.

**I.     Background**

On June 15, 2006, Wendt entered a conditional plea of guilty to one count of being a felon in possession of a firearm, reserving the right to appeal the Court's denial of his motion to suppress. After his guilty plea, the Probation Office prepared a Pre-Sentence Investigation Report ("PSIR"). The PSIR considered each of three convictions as separate, and not related, sentences under Section 4A1.2(a)(2) of the Sentencing Guidelines, and assigned three points to each past conviction in calculating Wendt's Criminal History Category, for a total of fifteen criminal history points. The three sentences were for petty theft, burglary, and forging a check; the sentences were imposed at the same hearing. The

1

Court determined that Wendt's Criminal History Category was VI and that his total offense level was a 17, corresponding to a guideline range of 51 to 63 months. On October 12, 2006, the Court sentenced Wendt to 63 months.

On May 27, 2009, Wendt moved this Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and to appoint counsel to assist him in the re-sentencing process. On June 17, 2009, in a letter to the Court, Wendt again moved for an appointment of counsel. Wendt seeks to take advantage of changes made to Section 4A1.2(a)(2) of the Sentencing Guidelines in November 2007, as part of Amendment 709.

## II.  Discussion

Wendt seeks to take advantage of changes to Section 4A1.2(a)(2) of the Sentencing Guidelines made by Amendment 709. Under Section 4A1.2(a)(2) as amended by Amendment 709, his three convictions for petty theft, burglary, and forging a check, all imposed at the same hearing, would have been considered related, resulting in six fewer criminal history points, a lower Criminal History Category, and a shorter recommended sentence under the Guidelines. The Government does not dispute that Wendt's prior sentences would be considered "related" under the amended Section 4A1.2(a)(2), but argues that Amendment 709 cannot be applied retroactively.

This Court may reduce a defendant's sentence under Section 3582(c)(2) where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18

2

U.S.C. § 3582(c)(2). Congress has delegated to the Sentencing Commission the responsibility and authority to determine whether or not amendments to the Guidelines are to be given retroactive effect. *See id.* and 18 U.S.C. § 994(u) (stating that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.").

Section 1B1.10 of the Sentencing Guidelines is the Sentencing Commission's policy statement governing retroactive application of amendments; thus, Sentencing Guidelines amendments not listed in that section ordinarily cannot be applied retroactively under Section 3582(c)(2). *Delgado v. U.S.*, 162 F.3d 981, 983 (8th Cir. 1998); *U.S. v. Hernandez*, 18 F.3d 601, 601-602 (8th Cir. 1994); *U.S. v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993); *U.S. v. Dowty*, 996 F.2d 937, 938 (8th Cir. 1993); U.S.S.G. § 1B1.10. Amendment 709 is not listed in Section 1B1.10.

Wendt argues that the Court should apply Amendment 709 retroactively even though it was not listed in Section 1B1.10 of the Sentencing Guidelines because it is a clarifying amendment. Wendt is correct that clarifying amendments to the Guidelines apply retroactively. *U.S. v. Douglas*, 64 F.3d 450, 453 (8th Cir. 1995) (clarifying changes or amendments apply retroactively, even if not listed in Section 1B1.10). However, Amendment 709 substantively amended Section 4A1.2(a)(2), and is therefore not a clarifying amendment with respect to that section. *See U.S. v. Godin*, 522 F.3d 133, 134–135 (1st Cir.

3

2008) (Amendment 709 to Section 4A1.2(a)(2) was substantive); *U.S. v. Wood*, 526 F.3d 82, 85–88 (3d Cir. 2008) ("[W]e hold that the amended version of § 4A1.2(a)(2) effects a substantive change, and, therefore, we will not apply it retroactively[.]"); *U.S. v. Alexander*, 553 F.3d 591, 591–593 (7th Cir. 2009) (changes made by Amendment 709 to Section 4A1.2(a)(2) did not apply retroactively because the amendment substantively changed, rather than clarified, the criminal history guideline); *U.S. v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir. 2008) (citing *Wood* and *Godin* for the proposition that Amendment 709's change to Section 4A1.2(a)(2) was substantive rather than clarifying). *See also Scott v. U.S.*, 2009 WL 174986 at *1–2 (E.D. Ark. January 26, 2009) (following the First, Third, Seventh, and Ninth Circuit Courts of Appeals in holding Amendment 709 substantively amended Section 4A1.2(a)(2)).

Wendt cites *U.S. v. Leon-Alvarez*, 2008 WL 5429724 at *3 (N.D. Iowa December 31, 2008) for the proposition that Amendment 709 clarified, rather than substantively amended Section 4A1.2(c) of the Sentencing Guidelines, and that therefore the amended version of Section 4A1.2(a)(2) should be given retroactive effect. Defs.' Mot. at 7. However, the district court in that case relied upon Judge Bright's concurring opinion in *U.S. v. Leon-Alvarez*, 532 F.3d 815, 821 (8th Cir. 2008), in which Judge Bright stated that "Amendment 709 appears to be a clarifying amendment *with respect to §4A1.2(c)*" and therefore could be given retroactive effect with respect to that subsection. *Leon-Alvarez*, 532 F.3d at 821 (Bright, J. concurring) (emphasis added). Judge Bright recognized in his opinion that the "Third and Ninth Circuits [had] concluded that . . . Amendment 709 effected a substantive change to § 4A1.2(a)(2)" but stated that "[t]hese cases have no bearing on the effect of

4

Amendment 709 as making a clarifying change with respect to *§ 4A1.2(c)*, which can be applied retroactively." *Id.* at 821 n.7. (citing *Wood*, 526 F.3d at 87-88; *Marler*, 527 F.3d at 878 n.1). Thus, Judge Bright recognized that Sections 4A1.2(a)(2) and 4A1.2(c) may be treated differently for purposes of the retroactivity of changes made to them by Amendment 709.

> Before Amendment 709, Section 4A1.2(a)(2) stated, in part:
>
> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of 4A1.1(a), (b), and (c).

The comments to the Guidelines stated that "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2 comment n.3 (2005). Interpreting this version of Section 4A1.2(a)(2), some courts held that cases were not related unless they had been formally consolidated, while others did not require formal consolidation. *Compare U.S. v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994) (requiring formal order of consolidation before sentences imposed at the same time are considered "related" under prior version of Section 4A1.2(a)(2)) with *U.S. v. Smith*, 991 F.2d 1468, 1473 (9th Cir. 1993) (formal order of consolidation not necessary for sentences imposed at the same time to be considered "related" under prior version of Section 4A1.2(a)(2)).

> The amended Section 4A1.2(a)(2) states, in part:

5

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2). Thus, the Sentencing Commission changed the rule from one in which courts were to consider whether cases were "related" by determining, among other things, whether the offenses at issue had been "consolidated for trial or sentencing," to a bright line rule under which courts were to consider multiple sentences as a single sentence if those sentences were included in a single charging instrument or imposed on the same day. As the First Circuit Court of Appeals held in *Godin*, the Sentencing Commission did not merely clarify the old Section 4A1.2(a)(2) through Amendment 709, but instead, and "in lieu of clarification in favor or one view or the other . . . adopted a new blanket rule that eliminates the ambiguity [regarding the necessity or lack thereof of a formal order of consolidation] by going beyond any circuit's reading of the previous rule in a manner favorable to . . . defendant[s]." 522 F.3d at 135.

Because Amendment 709 is not listed in Section 1B1.10, and because the changes it makes to Section 4A1.2(a)(2) are substantive rather than clarifying, amended Section 4A1.2(a)(2) does not apply retroactively to reduce Wendt's sentence.

Finally, in his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2), and in a related motion [Doc. # 67], Wendt requests that he be appointed counsel to assist him in this proceeding. Wednt's arguments fail on the merits, and he has made no showing to

6

justify the appointment of counsel for the purposes of his motion under 18 U.S.C. § 3582(c)(2), or for investigating alleged misrepresentations made by an Assistant United States Attorney.[1]

---

[1] In a letter to the Court, Wendt argued that the Assistant United States Attorney misrepresented that a certified copy of the Government's response in opposition to Wendt's motion was mailed via certified mail to Wendt. Wendt enclosed a copy of an envelope dated June 3, 2009, the date of the Government's response, which was addressed to Wendt but not sent via certified mail from the United States Attorney's office. First, the fact that Wendt may have received a copy of the Government's response via non-certified mail does not necessarily indicate the Government did not also send a copy to Wendt via certified mail. Further, it is clear Wendt received the Government's response at least by June 7, 2009, the date of his letter to the Court requesting the appointment of counsel. There is no indication of any misrepresentation on the part of the Assistant United States Attorney here, and even assuming there were, the alleged misrepresentation would not be material to Wendt's motion to reduce his sentence.

7

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant's Motions [Docs. ## 65, 67] are DENIED.

                                          s/ Nanette K. Laughrey
                                          NANETTE K. LAUGHREY
                                          United States District Judge

Dated: June 29, 2009
Jefferson City, Missouri